IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| CLYDE GRAY, | § | |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-1654-N |
| | § | |
| RACETRAC PETROLEUM, INC. d/b/a | § | |
| RACETRAC | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiff Clyde Gray's ("Gray") motion to compel discovery responses and production [20]. Because Gray's requested discovery is either not relevant or not in Defendant RaceTrac Petroleum, Inc.'s ("RaceTrac") possession, the Court denies Gray's motion.

### I. THE DISCOVERY DISPUTE

On May 27, 2016, Plaintiff Gray alleges he entered one of RaceTrac's Dallas stores and slipped and fell on a wet floor. Pltf.'s Orig. Pet. 2 [1.B]. Gray claims the floor had been mopped by a store clerk who did not put out any "wet floor" signage. *Id.* RaceTrac notes that the weather was rainy on the day of Gray's incident and that Gray allegedly fell near the store entrance, Def.'s Resp. Pltf.'s Mot. Compel 1 [21], but Gray does not allege that he slipped on rainwater or mud in the store due to the weather.

After filing suit, Gray served several sets of discovery requests for production and admissions. RaceTrac objected to some of these requests, and Gray filed this motion to compel responses to six requests for production and six requests for admissions.

ORDER – PAGE 1

## II. MOTION TO COMPEL LEGAL STANDARD

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." *Id.* at 37(a)(3). The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirement. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 476 (N.D. Tex. Mar. 22, 2005).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs. Am. Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 280 (N.D. Tex. June 26, 2017). A district court has wide discretion to supervise discovery, however, and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, or if the burden or expense of proposed discovery outweighs its potential benefit. FED. R. CIV. P. 26(b)(2)(C); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

## III. THE COURT DENIES GRAY'S MOTION TO COMPEL

RaceTrac has successfully shown that each of Gray's contested discovery requests

ORDER – PAGE 2

is either not relevant or not in RaceTrac's possession. The Court thus denies Gray's motion to compel discovery.[1]

### A. Requests for Production 33 (Third Set), 34 (Third Set), and 35 (Third Set)

Three of the six production requests Gray seeks to compel relate to sweeping and mopping records and employee punch cards and checklists from the RaceTrac store in question on the date of the incident. These requests are clearly relevant to Gray's lawsuit, as he allegedly slipped on a mopped floor, and are proportional to the needs of the case.

RaceTrac argues, however, that it does not possess any responsive records, as it indicated in its responses to Gray's discovery requests. Def.'s Resp. Pltf.'s Mot. Compel 6 [21]. Gray states that a RaceTrac employee admitted in a deposition to having these records, but he has produced no evidence of that testimony. Pltf.'s Mot. Compel 7 [20]. Further, RaceTrac explained that its employee testified that these documents are not always maintained. Def.'s Resp. Pltf.'s Mot. Compel 6 [21]. Because a "party or non-party cannot produce what it does not have" and because there is no evidence that contradicts what RaceTrac has told both Gray and this Court, the Court declines to compel production of these apparently nonexistent documents. *ORIX USA Corp. v. Armentrout*, 2016 WL 4095603, at *5 (N.D. Tex. Aug. 1, 2016) (internal quotation marks omitted).

---

[1] As a threshold matter, RaceTrac objects to Gray's motion on the grounds that Gray did not satisfy the conference requirement under Local Rule 7.1. The Court agrees that Gray did not adequately confer over each discovery matter presented by its motion. The Court nevertheless exercises its discretion to decide the merits of this motion, as it seems unlikely the parties could agree on the discovery issues. *See Brown v. Bridges*, 2015 WL 11121361, at *5 (N.D. Tex. Jan. 30, 2015) ("A failure to satisfy conference requirements does not, however, mandate summary denial of their motions because the Court retains discretion to waive strict compliance.") (internal quotation marks omitted).

ORDER – PAGE 3

### B. *Requests for Production 33 (Second Set) and 35 (Second Set)*

Gray also asks this Court to compel production of documents related to "any internal investigation" into the use of mats at the entrance and exits of North Texas RaceTrac stores and documents relating to store policy changes regarding these mats in the last fifteen years. Pltf.'s Mot. Compel 3–4 [20]. RaceTrac contends these requests are not relevant to Gray's suit and that they are overbroad. The Court agrees.

This lawsuit involves a fall on a floor allegedly wet from mopping. RaceTrac asserts that no mat was involved in the incident, and Gray's complaint never mentions a mat at the entrance or claims that RaceTrac was negligent in not having a mat at the store entrance. Def.'s Resp. Pltf.'s Mot. Compel 5 [21]. In fact, Gray claims RaceTrac's negligence arises from its employee's alleged failure to post any "wet floor" signage. Pltf.'s Orig. Pet. 2–3 [1.B]. Because these requests lack relevance, the Court declines to compel discovery of these documents.

### C. *Request for Production 34 (Second Set)*

Gray's final request for production seeks documents related to lawsuits involving slip-and-falls "on mats" at the entrances and exits of RaceTrac stores. This discovery request suffers from the same problems as the two requests previously discussed. Nowhere has Gray alleged that he tripped on a mat or fell because of a mat. RaceTrac argues, and the Court agrees, that other personal injury lawsuits filed against RaceTrac involving different circumstances than Gray's case are not relevant to his suit. Def.'s Resp. Pltf.'s Mot. Compel 5 [21]. Thus, the Court declines to compel production for this request.

### D. *Requests for Admission 25 (Second Set) and 25 (Third Set)*

Each of the contested requests for admission relate to the use of store mats, but these two requests focus on prior use of the mats during "bad" or "inclement" weather. While RaceTrac admits there was rainy weather on the day of the incident, the weather — and by extension, RaceTrac's procedures during rainy weather — are not relevant to Gray's case. Gray did not allege that his fall on the wet floor was caused by rain or mud that had entered the store due to the weather. In fact, there is no suggestion in the complaint that the weather played any role in Gray's incident. Consequently, the Court denies the motion to compel responses to these requests.

### E. Requests for Admission 26 (Second Set), 26 (Third Set), 27 (Second Set), and 27 (Third Set)

Gray's remaining requests seek admissions that RaceTrac had a contract for commercial mats, used mats for safety, conducted internal investigations into the costs of mats, and stopped using mats following a slip-and-fall lawsuit. Like Gray's other discovery requests, these seek information that does not appear relevant to the case. RaceTrac contends that its use and policies regarding entrance and exits mats has no bearing on Gray's fall allegedly caused by a mopped floor. Def.'s Resp. Pltf.'s Mot. Compel 6 [21]. Gray has not responded to RaceTrac's argument to show the Court otherwise. Consequently, the motion to compel is denied as to these admissions.

### CONCLUSION

Gray's discovery requests seek documents and admissions that are either not relevant to his suit or are not in RaceTrac's possession. The Court thus denies the motion to compel.

Signed November 5, 2019.

_____
David C. Godbey
United States District Judge