IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLYDE GRAY, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 3:18-CV-1654-N |
| § | | |
| RACETRAC PETROLEUM, INC., § | | |
| § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant RaceTrac Petroleum, Inc.'s ("RaceTrac") motion to enforce settlement agreement [53] and motion to modify scheduling order and for leave to file an amended answer and counterclaim in this case [52]. For the reasons set forth below, the Court grants the motions.

### I. ORIGINS OF THE DISPUTE

Plaintiff Clyde Gray filed suit against Defendant RaceTrac on May 18, 2018 in Dallas County. RaceTrac subsequently removed to federal court. On December 7, 2019, RaceTrac offered a settlement of $40,000 to Gray via Gray's counsel, Carlos Galliani. Galliani, after conferring with Gray, accepted the offer of settlement. On December 9, 2019, the Court entered an order reflecting that the parties had settled the case and giving the parties sixty days to file dismissal paperwork [43].

Between December 2019 and April 2020, the parties exchanged a series of emails as they attempted to get the dismissal paperwork prepared and negotiate a series of liens against Gray. Def.'s Mot. to Enf. Settlement Agreement Appx. ("Def.'s Appx.") Ex. A-1–

MEMORANDUM OPINION AND ORDER – PAGE 1

18 [53]. On April 20, 2020 Galliani wrote to counsel for RaceTrac stating that Gray would not sign the final agreement but indicated that Galliani needed another week to ten days to negotiate with Medicare and attempt to salvage the deal. *Id*. at 43.

On April 27, 2020, Galliani gave new instructions for drafting the settlement checks to RaceTrac. *Id.* at 45. Counsel for RaceTrac reissued the settlement checks per the instructions. *Id.* at 46–48. Galliani received the reissued checks as well as the Release and Settlement Agreement ("Settlement Agreement") on May 4, 2020. *Id.* at 52. On May 19, 2020, Galliani wrote to the Court that Gray refused to sign the Settlement Agreement and that counsel for RaceTrac had known about Gray's refusal for a month [50]. The Court subsequently reset the matter for trial. Order Resetting Trial [51]. RaceTrac now moves to enforce the Settlement Agreement, to modify the scheduling order, and asks for leave to file an amended answer and counterclaim [52] [53].

## II. THE SETTLEMENT AGREEMENT IS ENFORCEABLE

### *A. Legal Standards*

"[A] district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994). Texas law is applied to the enforcement of settlement agreements in diversity cases. *Valley Ranch Dev. Co., Ltd. v. F.D.I.C.*, 960 F.2d 550, 553 (5th Cir. 1992). In this case, Texas Rule of Civil Procedure 11 governs. The Rule provides:

> Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

MEMORANDUM OPINION AND ORDER – PAGE 2

TEX. R. CIV. P. 11.

"The purpose of Rule 11 is to forestall the 'misunderstanding and controversies' that often attend oral agreements between counsel." *Williamson v. Bank of N.Y. Mellon*, 947 F. Supp. 2d 704, 707 (N.D. Tex. 2013) (quoting *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995)). The Texas Supreme Court has held that Rule 11 "should not be interpreted as requiring 'slavish adherence' to the literal language of the rule in all cases." *Kennedy v. Hyde*, 682 S.W.2d 525, 529 (Tex. 1984) (quoting *Sone v. Braunig*, 469 S.W.2d 605, 611 (Tex. App.–Beaumont 1971, writ ref'd n.r.e.)). Because such strict adherence to the exact language of Rule 11 is not required, the agreement between Gray and RaceTrac is enforceable.

### B. The Settlement Agreement Satisfies the Signed Writing Requirement of Rule 11

To satisfy the writing requirement, the agreement must satisfy the statute of frauds. *Padilla*, 907 S.W.2d at 460. A writing under the statute of frauds must be complete and contain all of the essential terms of the agreement, but it need not be contained in one document. *Id*. A series of emails may be sufficient to satisfy the requirement. *See Williamson*, 947 F. Supp. 2d at 708. In this case, the emails exchanged between the counsels for Gray and RaceTrac contain all the terms necessary for the settlement agreement, including the total amount of the settlement and how the checks were to be distributed. Counsel for Gray acknowledged receipt of the final check totals and complete Settlement Agreement as of May 4, 2020. Def.'s Appx. Ex. C-2 [53]. This exchange is sufficient to establish that the entirety of the settlement agreement was contained in a writing for the purposes of Rule 11.

MEMORANDUM OPINION AND ORDER – PAGE 3

The parties or their agents must sign the writing. The Texas Uniform Electronic Transaction Act ("TUETA") provides that if a law requires a signature, an electronic signature is sufficient. TEX. BUS & COM § 322.007(d). This Court has previously held that signatures affixed to emails, whether manually typed or automatically affixed, would satisfy this requirement. *Williamson*, 947 F. Supp. 2d at 710. Here, counsel for both parties consistently affixed their signatures to their emails. Def.'s Appx. Ex. A-1–18 [53].

Gray's signature is not required. "[A]n attorney may execute an enforceable Rule 11 agreement on his client's behalf" in his role as an agent of the client. *Green v. Midland Mtg. Co.*, 342 S.W.3d 686, 691 (Tex. App.–Houston [14th Dist.] 2011, no pet.) (citing *Gavenda v. Strata Energy, Inc.*, 705 S.W.2d 690, 693 (Tex. 1986)). Thus, the signature requirement of Rule 11 is satisfied.

### C. The Settlement Agreement Was Filed with the Court and is Part of the Record

"The purpose of the filing requirement . . . is to put the agreement before the court so that 'the court can judge of [its] import, and proceed to act upon [it] with safety.'" *Padilla*, 907 S.W.2d at 461 (quoting *Birdwell v. Cox*, 18 Tex. 535, 537 (Tex. 1857)). The filing requirement may be fulfilled concurrently with a motion to enforce. *See Williamson*, 947 F. Supp. 2d at 711–12. As in *Williamson*, the email exchange is now part of the record. Counsel for Gray does not dispute the facts set forth by RaceTrac. *See* Pl.'s Resp. to Mot. to Enf. Settlement Agreement ("Pl.'s Resp.") [54]. Furthermore, the parties previously reached a settlement, resulting in an order from this Court to the parties to submit the dismissal paperwork within sixty days [43]. Thus, for the purposes of Rule 11, the Settlement Agreement has been filed with the court and is part of the record.

MEMORANDUM OPINION AND ORDER – PAGE 4

## II. RACETRAC HAS SHOWN GOOD CAUSE TO MODIFY SCHEDULING ORDER

"A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). This rule governs amendment of pleadings when it would necessitate modification of the scheduling order. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). If good cause is found, then Rule 15(a)(2) instructs a court to "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). In deciding whether good cause to amend the scheduling order exists, the Court weighs four factors: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C.*, 315 F.3d at 536 (alterations in original) (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). In this case, the factors weigh in favor of RaceTrac.

RaceTrac seeks a modification of the scheduling order and leave to file an amendment to its answer. The original order resetting trial on May 19 did not extend any deadlines previously set [51]. RaceTrac filed this motion in order to amend its complaint to add an affirmative defense of settlement and to add a counterclaim of breach of contract.

The previous scheduling order set trial for December 9, 2019, with all motions due by August 21, 2019 [15]. The parties notified the Court shortly before trial in December that they had agreed to a settlement. *See* Def.'s Appx. Ex. A-2 [53]. At that point, all preparation for trial ceased. RaceTrac was not notified that Gray would not sign the settlement until at least April 20, 2020, and Galliani indicated at that time that he might be able to persuade Gray to agree to the settlement anyway. *Id.* at 43. RaceTrac had little

MEMORANDUM OPINION AND ORDER – PAGE 5

notice prior to Galliani's letter to the Court on May 19, 2020, that there would be no settlement. Furthermore, RaceTrac has demonstrated that valid reasons to assume an enforceable settlement agreement exists. Thus, RaceTrac's failure to move for leave to amend prior to May 19, 2020, is reasonable.

There is no indication that Gray would suffer prejudice by a modification of the scheduling order. Per his counsel, Gray did not refuse to sign the Settlement Agreement prior to the trial date previously set, but only after learning what portion of the settlement he would receive. Pl.'s Resp. 4 [54]. Thus, the Court finds that there is good cause to modify the scheduling order. The Court finds no compelling reason to deny leave to RaceTrac to amend its answer.

## Conclusion

Accordingly, the Court grants the motions to enforce the settlement agreement and to modify the scheduling order and grants leave to RaceTrac to file an amended answer and counterclaim.

Signed August 14, 2020.

_____
David C. Godbey
United States District Judge